FILED
SUPERIOR COURT
OF GUAM

2025 MAY -9 PM 4: 30

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PACIFIC DATA SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> OFFICE OF PUBLIC ACCOUNTABILITY, TERRITORY OF GUAM, GUAM HOUSING AND URBAN RENEWAL AUTHORITY, and PTI PACIFICA INC. dba IT&E, <br><br> Defendants. | Civil Case No. CV0594-21 <br><br> **DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on May 5, 2025, for a Bench Trial. Attorney Eliseo M. Florig, Jr. ("Florig") appeared on behalf of Plaintiffs Guam Housing and Urban Renewal Authority ("GHURA"), Attorney Joshua Walsh ("Walsh") appeared on behalf of Defendants Pacific Data Systems, Inc. ("PDS"), and Attorney Joseph B. McDonald appeared on behalf of the Office of Public Accountability ("OPA"). After reviewing the record and relevant law, and hearing from the parties, the Court makes the following findings.

## STIPULATED FACTS

1. On January 5, 2021, GHURA issued an IFB in this matter. On February 12, 2021, the bids were received and opened and an abstract of the bids was created. OPA

Page 1 of 5

Decision and Order Re Purchasing Agency's Motion to Dismiss an Appeal for Lack of Jurisdiction (July 16, 2021) at 2.

2. Also on February 12, 2021, PDS sent a FOIA request to receive information regarding the Docomo and IT&E bids, which GHURA provided on February 18, 2021. *Id.*

3. On February 22, 2021, PDS sent a letter to GHURA, which identified four deficiencies with IT&E's bid, including invalid bid bond, invalid HUD forum, invalid contract, and a purported non-responsiveness of the IT&E bid being based on multi-point service design rather than point-to-point service design. *Id.*

4. On March 4, 2021, GHURA's Board of Commissioners held a meeting where they awarded the IFB to IT&E. *Id.* at 3.

5. On March 12, 2021, GHURA issued a Notice of Non-Award to PDS. *Id.*

6. On March 26, 2021, PDS filed its protest letter with GHURA. *Id.*

7. On May 5, 2021, GHURA issued a response letter denying PDS's protest. *Id.*

8. On May 19, 2021, PDS filed its appeal with the Office of Public Accountability (OPA). *Id.*

9. The OPA held a hearing on the Motion on July 14, 2021, and issued a decision on July 16, 2021 granting GHURA's Motion to Dismiss the Appeal for Lack of Jurisdiction. *Id.* at 4.

## DISCUSSION

Specifically, "for legal questions, the Superior Court should consider the Public Auditor's decision with great weight, but ultimately the standard of review in the Superior Court is de

novo." *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth., Guam*, 2020 Guam 20, ¶ 43 (Guam Dec. 7, 2020) (quotation omitted). The Public Auditor's determination of facts "shall be final and conclusive unless arbitrary, capricious, fraudulent, clearly erroneous, or contrary to law." 5 GCA § 5704(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). The Public Auditor's determinations "shall not be conclusive on any court having competent jurisdiction." 5 GCA § 5704(b). The ultimate question in this appeal is whether the Public Auditor erred in dismissing PDS's protest for being untimely. Whether PDS made a timely protest is a question of law, which is subject to a de novo review by the Court.

According to the OPA's decision on this issue, for the appeal to the OPA to be proper, PDS should have "filed its protest no later than fourteen days after it became aware that IT&E's bid had deficiencies and GHURA was still considering it for the award." OPA Decision and Order Re Purchasing Agency's Motion to Dismiss an Appeal for Lack of Jurisdiction (July 16, 2021) at 4. The OPA asserts that the 14-day clock began when PDS wrote a letter to GHURA citing several deficiencies they found with IT&E's bid on February 22, 2021, because they were aware of the alleged misconduct that formed the basis of the procurement protest. *Id.* It is this Court's opinion that the OPA decision is an incorrect interpretation of the law and of the Guam Supreme Court's opinion in *DFS Guam L.P. v. The A.B. Won Pat International Airport Authority*, 2020 Guam 14.

The Court agrees with PDS that in this particular case, the selection of IT&E and the Notice of Non-Award to PDS on March 12, 2021 marked the time that PDS became an "aggrieved"

Page 3 of 5

party. PDS correctly asserts under Guam procurement law, only an aggrieved party may file a procurement protest, and that a party does not become aggrieved until they become "aware of a violation of one of the procurement law's substantive provisions or the terms of the RFP." *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.*, Guam, 2020 Guam 20, ¶ 84. Guam law defines an aggrieved party as someone that has a legal right that has been "invaded" or that has a "pecuniary interest" that has been "directly and adversely affected by a decree or judgment." *Pac. Data Sys., Inc. v. Guam Dep't of Educ.*, 2024 Guam 4, ¶ 13. The Court agrees with PDS that PDS was not an aggrieved party until it was aware of an alleged violation of procurement law, which in this case would have occurred when PDS learned that GHURA had awarded the contract to IT&E, whose bid PDS believed to be non-responsive. There was no violation of procurement law in the simple existence of an allegedly non-responsive bid, even if PDS was aware of it.

The difference between this case and the *DFS* case cited by the OPA is that there was no alleged violation in this case until the award was made. In the *DFS* case, the protestor became aware of a violation that occurred before the award was made aware, namely the giving of an improper gift to the agency by the protestor's competitor. *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.*, Guam, 2020 Guam 20. In this case, the violation did not occur until the award was made. According to the facts included in the Decision by the OPA, PDS did not become aware of this alleged violation, that GHURA had awarded the contract to IT&E, until it was given notice by GHURA on March 12, 2021. OPA Decision and Order Re Purchasing Agency's Motion to Dismiss an Appeal for Lack of Jurisdiction (July 16, 2021) at 3. PDS filed its protest

Page 4 of 5

on March 24, 2021, within fourteen days of receiving the March 12, 2021 Notice of Non-Award, and therefore the protest was timely. *Id.*

This case ultimately comes down to a legal interpretation of 5 GCA 5425(a) and related case law from the Guam Supreme Court in *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth., Guam*, 2020 Guam 20. Because this appeal rests exclusively on questions of law, this Court's review gives great weight to the OPA's decision, but is ultimately *de novo*. The Court's reading of the law does not align with the decision by the OPA, and instead determines that the law as applied to this case allows PDS's appeal to go forward and be heard in full by the OPA.

This Court does not comment on the issue of whether the bid put forth by IT&E was a responsive bid or not, and does not instruct the OPA on how to rule or which bidder should receive the GHURA contract.

## CONCLUSION

Based on the above, the Court **REVERSES** the OPA's dismissal of PDS's appeal and **REMANDS** this case to the OPA.

SO ORDERED, this ___5 | a | 25___ .

_____
**HONORABLE JOHN C. TERLAJE**
**Judge, Superior Court of Guam**